IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IGOR DESOUZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-257 |
| | ) | Judge Nora Barry Fischer |
| MICHAEL UNDERWOOD, WARDEN, FCI LORETTO, et al., | ) | Magistrate Judge Keith Pesto |
| | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

AND NOW, this 28th day of January, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith A. Pesto on December 9, 2025, (Docket No. 19), recommending that the § 2241 habeas petition filed by Petitioner Igor Desouza against Warden Underwood at FCI Loretto et al. be denied as he is ineligible for earned time credits due to his conviction for possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vi) and he failed to exhaust administrative remedies as to his claims challenging his loss of good time credits as a disciplinary sanction which is otherwise supported by some evidence in the record, and directed that objections were due within 14 days such that objections by non-ECF users were due by December 26, 2025, Petitioner's Objections which were timely filed, (Docket No. 20), this matter having been recently reassigned to the undersigned for prompt disposition, and upon independent review of the record and de novo consideration of the Magistrate Judge's December 9, 2025 Report and Recommendation, (Docket No. 19), which is adopted as the Opinion of the Court,

1

IT IS HEREBY ORDERED that Petitioner's Objections [20] are OVERRULED, as the record plainly established that he was convicted of possession with intent to distribute 40 grams or more of fentanyl and is therefore ineligible for earned time credits under 18 U.S.C. § 3632(d)(lxvi). *See e.g., Regalado v. Greene*, No. 1:25-CV-00054, 2025 WL 411672, at *2 (M.D. Pa. Jan. 21, 2025) ("Here, Petitioner pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) possession with intent to distribute 400 grams or more of Fentanyl. Regalado, No. 1:20-CR-1028-1-NMG, Doc. 91. Therefore, despite his argument otherwise, Petitioner's underlying conviction precludes Petitioner from accruing time credits under the FSA."); *Diaz v. Underwood*, No. 3:25-CV-85, 2025 WL 3545818, at *2 (W.D. Pa. Dec. 11, 2025) ("Petitioner having been convicted of an offense involving 400 grams or more of fentanyl was thus rightly denied ETC because his conviction statutorily excludes him."); *Saldana v. Warden*, No. 3:25-CV-02472, 2026 WL 196512, at *2 (M.D. Pa. Jan. 26, 2026) ("Here, Saldana pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) possession with intent to distribute 400 grams or more of Fentanyl. Saldana, No. 1:18-CR-00033-JL, Doc. 596. Therefore, despite his argument that the underlying conviction was not a crime of violence, his underlying conviction regardless of [its] violence classification precludes Saldana from accruing time credits under the FSA."). Plaintiff's position that the judgment only references 21 U.S.C. § 841(a)(1) is overruled as the description of the offense therein includes that he was convicted of possession of 40 grams or more of fentanyl and he was plainly subject to the penalties under 21 U.S.C. § 841(b)(1)(B)(vi). *See id.*

Moving on, Petitioner's objections to the recommended denial of his challenge to the loss of good time credits due to his possession of a hazardous tool, i.e., a cell phone, are also overruled. To that end, it is uncontested that Petitioner filed the petition shortly after he submitted his BP-11 to the General Counsel Office such that he initiated this action without exhausting administrative

2

remedies. (Docket No. 4). Insofar as Petitioner's subsequent receipt of a Response from the Office of General Counsel indicating that his appeal was rejected as it was sent to the wrong level is sufficient to exhaust administrative remedies, the 2241 claim must be denied because he has failed to demonstrate that he is entitled to the relief requested in light of the relevant standards of review in challenges to prison disciplinary proceedings. *See e.g., Superintendent v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). In this regard, the record contains evidence that a cell phone was found within underwear under the mattress in Petitioner's bunk and that he admitted that the cell phone was his at a hearing. (Docket No. 18-7 at 2-5). Petitioner's contention that the evidence should be re-weighed differently or that a more thorough investigation should have been conducted are simply insufficient to demonstrate an entitlement to relief. *See e.g., Goodloe v. Warden Lewisburg USP*, No. 24-1170, 2025 WL 342189, at *2 (3d Cir. Jan. 30, 2025) ("while Wolff may entitle Goodloe to present documentary evidence in his defense, it does not require the BOP to pay for testing or otherwise conduct an investigation on Goodloe's behalf.");

IT IS FURTHER ORDERED that the Petition [4] is DENIED, with prejudice;

IT IS FURTHER ORDERED that no certificate of appealability shall issue, *see Goodloe v. Warden Lewisburg USP*, 2025 WL 342189, *1, n.1 (3d Cir. 2025) (citing *Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("a federal prisoner challenging the denial of a § 2241 petition [...] need not obtain a certificate of appealability"); and,

IT IS FURTHER ORDERED that an appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: Magistrate Judge Keith A. Pesto

cc:    Igor Desouza
       Reg. No. 73148-509
       F.C.I. Loretto
       P.O. Box 1000
       Cresson, PA 16630 (via first class mail)